# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS PAYNE, et al.,

      Plaintiffs,       :       Case No. 3:09-cv-140

                                  District Judge Walter Herbert Rice
    -vs-                           Magistrate Judge Michael R. Merz

                              :

TARGET CORPORATION, et al.,

      Defendants.

---

**REPORT AND RECOMMENDATIONS ON DEFENDANT EDGE MOLD'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DECISION AND ORDER DENYING REQUEST FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT**

---

This case is before the Court on Defendant Edge Mold Products Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. No. 45). Plaintiffs oppose the Motion (Doc. No. 50) and Edge Mold has filed a Reply in support (Doc. No. 52).

This case was referred to the undersigned Magistrate Judge for all pretrial matters until the discovery cut-off (Preliminary Pretrial Conference Order, Doc. No. 33). A motion to dismiss involuntarily is a dispositive motion within 28 U.S.C. § 636(b)(1)(A), requiring a report and recommendations from a magistrate judge to whom it is referred, rather than a decision. However, Plaintiff's Memorandum Contra includes a request for leave to file a proposed second amended complaint. Motions to amend are governed by Fed. R. Civ. P. 15 and are within the decisional authority of a magistrate judge.

The Motion to Dismiss for lack of personal jurisdiction should be denied because it was untimely filed. Defendant edge Mold Products Division filed its Answer herein on October 9, 2009

(Doc. No. 25) but did not file the instant Motion until December 21, 2009. Fed. R. Civ. P. 12(b) provides in pertinent part that "[a] motion asserting any of these [Rule 12(b)] defenses must be made **before** pleading if a responsive pleading is allowed." At common law, the defenses enumerated in Fed. R. Civ. P. 12(b(1) through (5) and 12(b)(7) were formally called "pleas in abatement" and less formally referred to as the dilatory motions because they could be made seriatim and would delay joinder of the general issue. Wright & Miller, Federal Practice and Procedure: Civil 3d § 1348. To prevent that result, the drafters of the Civil Rules required that all Rule 12(b) defenses be joined in one motion, if such a motion was going to be made, and required that it be done before answer. *Id.*

While the Amended Preliminary Pretrial Conference Order (Doc. No. 33) sets a date of December 21, 2009, for filing motions directed to the pleadings, nothing in that Order evinces an intention by District Judge Rice to grant an exception to that provision of Rule 12 which requires that a motion to dismiss be filed before an answer. Provision of a date for filing motions directed to the pleadings in preliminary pretrial conference orders is a standard feature of those orders, called for by the Court's form for such orders and its form for reporting the results of a Fed. R. Civ. P. 26(f) conference.

Denying the Motion to Dismiss on this basis does not prevent Defendant Edge Mold from obtaining a prompt pretrial determination of its lack of personal jurisdiction defense; it can always file a motion for summary judgment directed to just this defense. Having read the instant Motion, however, the Magistrate Judge would not be inclined to consider such a summary judgment motion favorably on the basis of the evidence already presented by Edge Mold (the Affidavit of Lonie Wise) because the averments of that affidavit are far too narrow to exclude specific personal jurisdiction under Ohio Rev. Code § 2307.382(a)(4) and (5).

Even if the Motion were not untimely, the personal jurisdiction defense could not be resolved on the present record. As noted above, the Wise Affidavit is far from conclusive and Plaintiff's

response is, by itself, insufficient to establish personal jurisdiction. Thus Plaintiff would need discovery and an eventual hearing of the evidence would be required. But at this point general discovery in the case needs to be ongoing, as the discovery cut-off is only seven months away. To put it another way, if Edge Mold wishes to avoid the expense of general discovery, it must do a much better job of presenting the jurisdictional facts.

Accordingly, it is respectfully recommended that the Motion to Dismiss be denied as untimely, without ruling on the personal jurisdiction issue.

Plaintiff's Memorandum Contra contains a request for leave to file a Second Amended Complaint. That request is denied for the following reasons:

1. A request to amend is properly made by a separate motion, but by inclusion in a memorandum in opposition.
2. There is no requirement to plead theories of personal jurisdiction in a complaint. Defendant Edge Mold's objection is on the substantive level of lack of facts to support personal jurisdiction, not on the formal level. And in any event it seems very unlikely the theory of personal jurisdiction implicit in ¶ 27 of the proposed second amended complaint will support jurisdiction in this case.
3. The cut-off date for proposing amendments to the complaint was set by Judge Rice at December 21, 2009 (Amended PPTO, Doc. No. 33, ¶ 6).

February 12, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge